## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH WARE ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2229** |
| **DAYBROOK FISHERIES, INC ET AL.** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendants' Motion to Set Aside Default (R. Doc. 13). For the following reasons, the Motion is GRANTED, and the default against Defendant Patrick Dinet is set aside.

### BACKGROUND

In this diversity action, Plaintiffs Joseph and Deborah Ware brought an action against Mr. Ware's employer, Daybrook Fisheries, Inc., and his supervisor, Patrick Dinet, for battery and failure to provide Plaintiff with a reasonably safe work environment.  On March 27, 2015, the clerk entered default against Dinet.  On that same day, Dinet moved this Court to set aside

1

the default.

## LEGAL STANDARD

Rule 55(c) permits the trial court to set aside an entry of default for "good cause."[1]  To determine whether "good cause" has been shown, a district court should consider (1) whether the default was willful; (2) whether granting the motion would prejudice the non-moving party; and (3) whether a meritorious defense is presented.[2]  These factors, however, are not "talismanic" and the Court may consider others such as whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default.[3]  In deciding a Rule 55(c) motion, the Court is mindful that default judgments are generally disfavored by the law and that any doubt should be resolved in favor of the movant.[4]

## LAW AND ANALYSIS

The balance of factors weighs heavily in favor of setting aside default in this matter.  First, the default was clearly not willful.  Dinet's failure to timely answer the lawsuit was due to some confusion and miscommunication over whether Dinet would obtain separate counsel from Defendant Daybrook Fisheries.

Second, any potential prejudice Plaintiff would suffer as a result of setting

---

[1] Fed. R. Civ. P. 55(c).

[2] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

[3] *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992).

[4] *See Lacy*, 227 F.3d at 292.

2

aside default is negligible.  There is no trial date set in this matter, and the parties contend that no discovery has taken place.  Indeed, Plaintiff states that it does not oppose the relief requested by Dinet in this Motion.

Third, the Court notes that Dinet acted expeditiously to correct the default.  He filed a motion to set aside default, attaching an answer, on the very day that the clerk of court entered default.

Finally, the Court finds that Dinet has presented a meritorious defense in his answer.[5]  Dinet raises nineteen affirmative defenses, including self defense.

In sum, the Court finds that the default was not willful, that Defendant acted quickly to remedy the default, that Plaintiff will not be prejudiced by setting aside the default, and that Defendant can present a meritorious defense. Given the foregoing, there can be no doubt that Defendant has established the good cause necessary under Rule 55(c).  Accordingly, the entry of default against Defendant Dinet shall be set aside.

---

[5] *See Side by Side Redevelopment v. City of New Orleans*, No. 09–3861, 2010 WL 375237, at *3 (E.D. La. Jan. 25, 2010) (finding meritorious defense present in answer if "allegations . . . contain even a hint of a suggestion which, proven at trial, would constitute a complete defense" (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, the Motion is GRANTED, and the default against Defendant Patrick Dinet is set aside.


New Orleans, Louisiana, this 18th day of May, 2015.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**