UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH WARE ET AL.                                    CIVIL ACTION

VERSUS                                                NO. 14-2229

DAYBROOK FISHERIES, INC. ET AL.                       SECTION "H"(2)

## ORDER AND REASONS ON MOTION

Defendants, Daybrook Fisheries, Inc. ("Daybrook") and Patrick Dinet, filed a
Motion to Appoint Curator Ad Hoc.  Record Doc. No. 40.  Plaintiffs, Joseph Ware
("Ware") and his wife, Deborah Ware, filed a timely memorandum in opposition.
Record Doc. No. 41.  In this matter, plaintiffs assert one cause of action for battery[1] under
Louisiana law, pursuant to this court's diversity jurisdiction.  According to the complaint,
Dinet was an employee of Daybrook when he allegedly attacked and injured Ware, a
fellow employee, while both men were working at Daybrook's premises.  Plaintiffs seek
to hold Daybrook vicariously liable for Dinet's actions.

Seven weeks after Daybrook answered the complaint, plaintiffs served Dinet with
a summons and the complaint.  Record Doc. No. 9.  Two months later, plaintiffs moved
for and the court entered default against Dinet.  Daybrook and Dinet, both represented
by the law firm of Cossich, Sumich, Parsiola & Taylor, LLC, moved to set aside the entry
of default and for leave to file an answer on behalf of Dinet.  The court granted the

---

[1] Plaintiffs consented to dismissal of their negligence claim against both defendants on the basis
that worker's compensation is Ware's exclusive remedy against his employer for negligence under
Louisiana law.  Record Doc. Nos. 21, 22, 24.

motion, and the law firm filed an answer on Dinet's behalf.  Record Doc. No. 16.  Thus, Dinet has been served, has made a formal appearance and is represented by counsel.

In October 2015, plaintiffs moved to compel Dinet to answer written discovery requests.  In their opposition memorandum, defendants' counsel stated that he had tried, but had been unable to contact Dinet, who no longer worked for Daybrook.  The court granted the motion to compel, ordered Dinet to provide his written responses by November 12, 2015, and assessed monetary sanctions against him personally, noting that counsel were blameless in his discovery default.  Record Doc. No. 38.  The record with respect to the current motion indicates that Dinet still has not provided his written discovery responses.

On November 2, 2015, both defendants, again represented by the Cossich, Sumich firm, filed the instant Motion to Appoint Curator Ad Hoc, seeking to have the court appoint a curator ad hoc to represent Dinet, an allegedly "absent" defendant.  According to the motion, Dinet's altercation with Ware "may have been of a personal nature which had nothing to do with either's employment with Daybrook."  Record Doc. No. 40-1 at p. 3.  Daybrook argues that it cannot be vicariously liable for Dinet's actions if the altercation was purely personal and not work-related.  Counsel for defendants therefore suggests that Dinet now needs separate counsel to protect his individual interests.

Defendants' attorney states in the memorandum in support of their motion that he has tried on numerous occasions and with great effort, but has been unable to locate and contact Dinet about finalizing his outstanding responses to plaintiffs' discovery requests and about the attorney's recommendation that Dinet should retain his own lawyer. Defendants ask the court to appoint attorney James Gasquet as a "curator ad hoc" to represent Dinet and state that Gasquet has agreed to accept the representation.

Plaintiffs correctly point out in their opposition memorandum that defendants have neither cited any law nor provided any evidence to support their motion. The Federal Rules of Civil Procedure contain no provision for the appointment of a curator ad hoc or similar representative for an allegedly absent defendant. Whether the motion is asserted under federal or state law, it is DENIED for the following reasons.

First, Daybrook and Dinet jointly moved for appointment of an attorney to represent Dinet. The court is not obliged to provide an attorney for Dinet on his own motion. There is no automatic right to appointment of counsel in civil cases and Dinet has not shown that he is unable to afford counsel, which is a prerequisite to appointment of counsel in a civil case under federal law. Marquez v. Woody, 440 F. App'x 318, 326 (5th Cir. 2011) (citing 28 U.S.C. § 1915(e)(1)); Hadd v. LSG-Sky Chefs, 272 F.3d 298, 301 (5th Cir. 2001); Castro Romero v. Becken, 256 F.3d 349, 353-54 (5th Cir. 2001).

Second, Louisiana law contains a procedural mechanism to appoint an attorney or "curator ad hoc" to represent an absentee defendant in a civil case, but defendants have not shown that they satisfy that law's requirements.  Although the Louisiana "Code of Civil Procedure no longer uses the term 'curator' in articles relating to the appointment of an attorney at law to represent an absentee defendant," that term is used by the parties in their memoranda and in this opinion for ease of reference.  Carter v. First S. Farm Credit, 161 So. 3d 928, 930 n.3 (La. App. 2d Cir.), writ denied, No. 2015-1166 (La. Sept. 18, 2015).

Article 5091 of the Louisiana Code of Civil Procedure provides, in pertinent part, that the court

> shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
>        (1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is:
>        (a) A nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has not waived objection to jurisdiction.

La. Code Civ. Proc. Ann. art. 5091 (emphasis added).

My research indicates that this procedure has been used occasionally by federal district courts in Louisiana, but only in aid of execution of judgments as expressly authorized in Fed. R. Civ. P. 69(a)(1), which specifically imports the applicable procedural law of the state where the district court sits, e.g., Urban Resorts Grp. v.

4

Wheeler, No. 82-2470, 1996 WL 28507, at *1 (E.D. La. Jan. 22, 1996); Merrill Lynch, Pierce, Fenner & Smith v. Falgoust, No. 80-4704, 1993 WL 149607, at *1 (E.D. La. May 5, 1993); or in cases brought under Louisiana substantive law pursuant to the court's diversity jurisdiction when repeated attempts at serving the defendants were unsuccessful, e.g., Tifco, Inc. v. Am. Ins. Agency of the S., Inc., No. 88-3094, 1989 WL 8838, at *1 (E.D. La. Feb. 1, 1989), or in an interpleader action.  Life Ins. Co. of N. Am. v. Nava, 667 F. Supp. 279, 281 (M.D. La. 1987).

I know of no reason why Louisiana procedural law, outside of the Rule 69 context, might apply in this federal court.  Because jurisdiction is based on diversity of citizenship, "[Louisiana] substantive law and federal procedural law apply to these state-law claims." Ferguson v. Bank of N.Y. Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quotation omitted) (citing Harris Cnty. v. MERSCORP Inc., 791 F.3d 545, 551 (5th Cir. 2015)); accord Mae v. Hurst, 613 F. App'x 314, 317 n.3 (5th Cir. 2015) (citing Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996)).  The Federal Rules of Civil Procedure, not the Louisiana Code of Civil Procedure, govern this matter.  S. U.S. Trade Ass'n v. Guddh, 565 F. App'x 280, 284 (5th Cir. 2014) (citing DP Solutions, Inc. v. Rollins, Inc., 353 F.3d 421, 427 (5th Cir. 2003)); Hubbard v. Gen. Motors Corp., 8 F.3d 21, 1993 WL 455881, at *1 (5th Cir. 1993) (citing Hanna v. Plumer, 380 U.S. 460

(1965); Nunez v. Superior Oil Co., 572 F.2d 1119 (5th Cir. 1978)).  I know of no Federal Rule of Civil Procedure authorizing this court to do what defendant requests.

Even assuming, however, but certainly without deciding that Louisiana Code of Civil Procedure Article 5091 applies in the instant case, defendants have not complied with its requirements.  Most importantly, Dinet was already served with process and has filed an answer.  Article 5091 applies only to absent or nonresident defendants who have not been served with process and only to requests by plaintiffs, not by defendants as in this case, for appointment of a curator to represent the unserved defendant.  La. Code Civ. Proc. art. 5091; Buckner v. Luke Records Inc., No. 05-3655, 2007 WL 2284544, at *2 (E.D. La. Aug. 2, 2007) (citing Rando v. Rando, 722 So. 2d 1165, 1168 (La. App. 2d Cir. 1998)); Warren v. Warren, 622 So. 2d 864, 866 (La. Ct. App. 4th Cir. 1993).

In addition, defendants have provided no evidence that Dinet qualifies as an absentee, as defined by Louisiana law, or that counsel made the requisite "diligent effort" to find him.  See La. Code Civ. Proc. art. 5251(1) ("'Absentee' means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not

6

known, and if dead his heirs are unknown.") (emphasis added); Tifco, Inc., 1989 WL 8838, at *2 (affidavits of plaintiff's attorney and private process server described various efforts they had made to locate and serve defendant); Sec. Homestead Ass'n v. Fuselier, 591 So. 2d 335, 338-39 (La. 1991), holding modified on other grounds by Citizens Sav. & Loan Ass'n v. Kinchen, 622 So. 2d 662, 664-65 (La. 1993) (quotation omitted) ("[A] party seeking the appointment of a curator to represent a Louisiana domiciliary, such as [defendant] Fuselier, must establish not only that his whereabouts are unknown, but also that his whereabouts could not have been discovered after a diligent search.").

The Louisiana Code of Civil Procedure also provides that the plaintiff who moved for appointment of a curator ad hoc shall pay the appointed attorney's reasonable fees, but the fees shall be taxed as costs of court.  La. Code Civ. Proc. art. 5096.  Daybrook does not aver in its motion that it will pay a reasonable fee for the curator's services, which is an obligation that Louisiana law places on the movant.

The court appreciates that Daybrook's counsel are trying to meet their ethical obligations to protect Dinet's interests, which are now in possible conflict with Daybrook's interests.  Nonetheless, they represent Dinet until such time, if ever, that this court permits them to withdraw.  Article 5091 does not apply when no plaintiffs have moved for the appointment of a curator and when Dinet has already been served with process.

7

At this point, it appears that Daybrook's counsel should use the procedures of this court's Local Rule 83.2 and the Louisiana Rules of Professional Conduct, which have been adopted by this court, to withdraw as counsel of record for Dinet.  There is no requirement in this court that a natural person be represented by an attorney.  If Dinet, whether represented by counsel or appearing pro se, fails in the future to comply with the court's orders, the other parties can file appropriate motions to the extent they are aggrieved by Dinet's failures to comply.

New Orleans, Louisiana, this ____18th____ day of November, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE